IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-42-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| NIKKI SNELL, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Snell of violating her conditions of supervised release by (1) failing to report for substance abuse treatment, (2) failing to report for substance abuse testing, (3) failing to notify her probation officer of a change in her address, and (4) failing to report for mental health treatment. She admitted to the violations. Her supervised release should be revoked. She should be sentenced to four months in custody, with twenty-three months of supervised release to follow.

## II. Status

Mr. Snell pleaded guilty to Assault Resulting in Serious Bodily Injury on August 18, 2014. (Doc. 52.) United States District Judge Brian Morris sentenced

her to twenty-one months in custody, with thirty-six months of supervised release to follow on December 5, 2014. (Doc. 58.)

The Court revoked Ms. Snell's supervised release on February 5, 2016, because she failed to notify her probation officer of a change in her address and failed to report for substance abuse testing and treatment. (Doc. 72.) The Court sentenced her to seven weeks in custody, with thirty months of supervised release to follow. (*Id.*)

The Court revoked Ms. Snell's supervised release again on June 28, 2016, because she failed to abide by the rules of the Butte prerelease center. (Doc. 84.) The court sentenced her three months in custody, with twenty-seven months of supervised release to follow. (*Id.*) She began her current term of supervised release on August 2, 2016.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on November 22, 2016, alleging that Mr. Snell violated the terms of her supervised release by (1) failing to report for substance abuse treatment, (2) failing to report for substance abuse testing, (3) failing to notify her probation officer of a change in her address, and (4) failing to report for mental health treatment. (Doc. 86.) Judge Morris issued a warrant for her arrest based on the

allegations in the Petition. (Doc. 87.)

**Initial appearance**

Ms. Snell appeared before the undersigned on February 7, 2017, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied her. Assistant United States Attorney Jeffery Starnes represented the United States.

Ms. Snell said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Snell admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of her supervised release.

Ms. Snell's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony. She could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for thirty-one months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a guideline sentence. Ms. Snell exercised her right of allocution and stated that she does not have a support system in place. Mr. Starnes recommended a sentence in the middle of the guideline range.

### III. Analysis

Ms. Snell's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to four months of incarceration, with twenty-three months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Ms. Snell was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

>The undersigned **FINDS:**

>>Nikki Snell violated the conditions of her supervised release by (1) failing to report for substance abuse treatment, (2) failing to report for substance abuse testing, (3) failing to notify her probation officer of a change in her address, and (4) failing to report for mental health treatment. .

>The undersigned **RECOMMENDS:**

>>The District Court should enter the attached Judgment, revoking Ms. Snell's supervised release and committing her to the custody of the United States Bureau of Prisons

for four months, with twenty-three months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 13th day of February 2017.

_____
John Johnston
United States Magistrate Judge